IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARC EILRICH,

      Plaintiff,                               No. CIV S-09-2697 JFM (TEMP)

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                            ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). The matter is before this court by consent of the parties pursuant to 28 U.S.C § 636 c. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

I. Factual and Procedural Background

        In a decision dated November 5, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability

1

1  Council denied plaintiff's request for review.  The ALJ found plaintiff last met the insured status

2  requirements of the Social Security Act on December 31, 2002 and that plaintiff must prove he

3  was disabled on or before that date; plaintiff has medically determinable impairments of bilateral

4  inguinal and lower extremity pain, irritable bowel syndrome, high blood pressure and sigmoid

5  diverticulosis but these impairments are not severe; there is no evidence of severe physical or

6  mental impairment that last 12 continuous months prior to or on December 31, 2002; and

7  plaintiff is not disabled.  Administrative Transcript ("AT") 19-25.  Plaintiff contends the ALJ

8  failed to properly assess the medical evidence in finding plaintiff's impairments were not severe

9  and failed to properly develop the record.[2]

---

is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

    The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

    [2] In the reply, plaintiff withdrew his assignment of error regarding the failure of the ALJ to call a medical expert to assess the disability onset date.

## II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. Analysis

Plaintiff contends the ALJ committed error at step two of the sequential analysis by failing to find plaintiff's impairments severe. An impairment is "not severe" only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they

would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

Although the ALJ found plaintiff had medically determinable impairments, he also found that those impairments were not severe. The ALJ's decision is supported by the record as a whole. The results of plaintiff's physical examination in June 2002 were within normal limits. AT 155-157. Plaintiff's treating physician, Dr. Sande, opined that plaintiff's symptoms were "out of proportion to the findings with extensive workup." Id. Diagnostic studies were normal. AT 155, 156, 158, 167, 174, 185, 192-193, 202-204. The ALJ properly considered this evidence in determining plaintiff had no impairment which was severe within the meaning of the regulations. AT 21-24.

Plaintiff's argument that the ALJ improperly rejected the opinion of Dr. Sande[3] that plaintiff was disabled due to "pain" cannot be sustained. Pain is a symptom, not an impairment. See 20 C.F.R. § 404.1529 ("[S]ymptoms . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."); SSR 95-5p; see also Smolen 80 F.3d at1281; In re Heckler, 751 F.2d 954, 955 n.1 (8th Cir. 1984) ("pain is a symptom, not an impairment"). Although plaintiff argues that the ALJ improperly rejected record medical opinions, plaintiff cites no record opinions regarding plaintiff's functional limitations.

Plaintiff also contends the ALJ failed to properly develop the record. Disability hearings are not adversarial. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see

---

[3] The ALJ reference a disabled placard application signed by Dr. Sande which is not in the administrative record. AT 21, 152. A determination by the doctor that plaintiff was entitled to a disability placard under the Deparment of Motor Vehicle criteria for handicapped parking does not establish disability under the Social Security regulations, particularly where, as here, the objective findings are all within normal limits.

also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288.)

Plaintiff has submitted additional evidence from Dr. Galanopoulus, who performed exploratory laparoscopy on plaintiff on October 6, 2010. Plaintiff asserts this evidence demonstrates that the matter should be remanded for further development of the record with respect to whether plaintiff suffered adhesions in 2002 which could have caused his pain. The evidence is ambivalent, at best, and in light of the total dearth of abnormal objective findings in 2002 despite extensive workup, the court finds remand for further development of the record is unwarranted.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: June 9, 2011.

_UNITED STATES MAGISTRATE JUDGE_

JMM