UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA EILRICH,

        Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

No. 2:09-cv-2697 CKD

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").[1]  For the reasons discussed below, the court will grant

/////

---

[1] The claimant, Marc Eilrich, died on February 14, 2012. His widow, Sandra Eilrich, was substituted in as plaintiff.  By mandate of the United States Court of Appeals for the Ninth Circuit, this matter was reversed and remanded. ECF Nos. 37, 39. The appellate court concluded that the ALJ should reconsider, with the benefit of new evidence regarding an exploratory laparoscopy performed on plaintiff in October 2010, whether plaintiff's impairment was "severe" within the meaning of the Social Security regulations prior to the expiration of his disability coverage in 2002. The matter was therefore remanded under sentence six of 42 U.S.C. § 405(g) for consideration of the new evidence.  ECF No. 40.  After a new hearing, the ALJ determined that the decedent was not under a disability at any time from July 1, 2002, the alleged onset date, through December 31, 2002, the date last insured.  That decision is at issue on the present motion. References to "plaintiff" in the herein order refer to the decedent claimant.

plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff, born August 9, 1942, applied for DIB, alleging disability beginning July 1, 2002. Administrative Transcript ("AT") 128. Plaintiff alleged he was unable to work due to irritable bowel syndrome, diverticulitis, polyps, problems with leg, back, sciatic nerve, numbness in legs, problems with feet causing pain, arthritis, pain in shoulders, and passing out without warning. AT 122. In a decision after remand from this court, dated August 7, 2014, the ALJ determined that plaintiff was not disabled.[2] AT 348-358. The ALJ made the following findings (citations to

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2002.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 1, 2002 through his date last insured of December 31, 2002.
>
> 3. Through the date last insured, the claimant had the following medically determinable impairments: irritable bowel syndrome, bilateral groin pain, diverticulitis, colonic polyps, back pain/strain, bilateral hand pain/strain, and knee pain/strain.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment of combination of impairments.
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 1, 2002, the alleged onset date, through December 31, 2002, the date last insured.

AT 350-358.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly found plaintiff's impairments were not severe at step two of the sequential analysis and in so doing failed to follow the law of the case. This issue is dispositive.[3]

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

---

[3] Plaintiff also argues that the ALJ improperly discredited the testimony of the decedent and his wife. Because the court will remand under sentence four for a new hearing, the court will not reach the issue of the ALJ's credibility analysis. However, on remand, any analysis of the credibility of decedent's spouse must set forth reasons that are germane as to this witness.

responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

This case was remanded by the appellate court for consideration of additional evidence from Dr. Galanopoulus, who performed laparoscopy on plaintiff on October 6, 2010, eight years after plaintiff last met the insured status requirements. In upholding the ALJ's November 5, 2007 determination that plaintiff was not disabled, the Magistrate Judge noted the total dearth of abnormal objective findings in 2002 despite extensive workup, and concluded that remand for further development of the record in light of Dr. Galanopoulus' findings on laparoscopy was unwarranted. ECF No. 30. The appellate court concluded otherwise, holding that "[t]he presence of serious intestinal adhesions in 2010 is probative of the actual severity of Eilrich's impairment in 2002." ECF No. 37 at p.4. The matter was therefore remanded to the Commissioner for consideration of this new evidence.

In the decision at issue here, the ALJ considered the new evidence but rejected it as probative of plaintiff's medical condition in 2002. Specifically, the ALJ noted that "[t]his new evidence revealed evidence of scarring and other anomalies, likely present during the period at issue. However, while it is possible that the claimant's diverticulitis and past surgery history may

have contributed to his increased abdomen pain and his related pain symptoms, this new evidence was not in evidence prior to the claimant's date last insured or even prior to the claimant's hearing date." AT 355.  The ALJ then concluded because the 2010 evidence did not exist during the relevant period, disability could not be based on this evidence.  AT 356.  Such a conclusion fails to follow the mandate of the appellate court.

Disability hearings are not adversarial.  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented).  Evidence raising an issue requiring the ALJ to investigate further depends on the case.  Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991).  "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288.)

The ALJ's decision misses the point of the appellate mandate.  The serious intestinal adhesions discovered in 2010 may reflect the existence of the same adhesions in 2002, i.e. the 2010 evidence may well demonstrate objective evidence that serious intestinal adhesions also existed in 2002.  However, without benefit of any medical testimony, the ALJ substituted his own medical judgment and concluded that the 2010 evidence "supports the finding that the claimant's impairments were truly non-severe during the relevant period."  AT 356.  Because the medical evidence is ambiguous as to whether the 2010 evidence demonstrates that similar adhesions were present in 2002, the ALJ failed in his duty to develop the record by obtaining the services of a medical expert to opine as to whether such adhesions were present in 2002 and to what extent, and if so, whether any functional limitations would have been associated with such adhesions.  The matter will therefore be remanded for further evaluation of the medical record.[4]

---

[4] Plaintiff requests remand to a different ALJ.  Internal policy of the Social Security Administration provides that on remand from the Appeals Council, including remands generated by the court, the proceedings are held before the previously assigned ALJ, unless the case previously was assigned to that ALJ on a prior remand and the ALJ's decision after remand is the

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 55) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 57) is denied; and

3. The matter is remanded for further proceedings consistent with this order.

Dated:  February 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 eilrich2.ss

---

subject of the new remand or the Appeals Council or court expressly directs the case be assigned to a different ALJ.  HALLEX I-2-155(D)(11).  The record does not support a finding of bias sufficient to warrant remand to a different ALJ.  See Rollins v. Massanari, 261 F.3d 853 (9th Cir. 2001).  While the court declines to order remand to a different hearing officer, it appears that under the HALLEX, the case will be assigned to a different ALJ.