UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA EILRICH, | No. 2:09-cv-2697 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $22,888.82.[1] Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the claimed fees should be reduced by $4,263. In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.

/////

/////

---

[1] In the reply, plaintiff seeks an additional sum of $1,902.89 in fees for ten hours (reduced from 14 hours) spent in reviewing the opposition and researching and drafting the reply. The amount requested appears to be based on the maximum rate for work performed in 2015. Since work on the reply was performed in 2016, any award made for the reply will be based on the 2016 rate.

1

A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four for further proceedings pursuant to the order of the court on cross-motions for summary judgment. See ECF No. 62. Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified. In support of this contention, defendant argues that the complex procedural history of this case, in which the

2

District Court initially upheld the decision of the Commissioner but then remanded the matter pursuant to the mandate of the United States Court of Appeals for the Ninth Circuit, along with the medical record containing ambiguous evidence which was, in the government's view, unlikely to be resolved by further development of the record, demonstrates that the government's position was substantially justified. This court does not agree. As noted in the order granting plaintiff's second motion for summary judgment, the ALJ specifically ignored the mandate of the appellate court and found the new evidence from Dr. Galanopoulus was not probative. Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. In reviewing the entire evidentiary record, briefing on the cross-motions for summary judgment and order granting remand in this case, the court has determined defendant's position had no reasonable basis in either law or fact. In failing to properly consider the additional evidence, as directed by the appellate court, the Commissioner's position was not substantially justified. See, e.g., Sampson v. Chater, 103 F.3d 918 (9th Cir. 1996) (position not justified where ALJ mischaracterized medical evidence); see also Roe v. Commissioner of Social Security, 2016 WL 3064645 (9th Cir. May 31, 2016) (court must evaluate procedural error in determining substantial justification). Fees under the EAJA will therefore be awarded.

      B. Reasonable Fee

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Defendant does not contest the hourly rate claimed but challenges several of the entries as not properly charged to defendant, or otherwise excessive, unreasonable or insufficiently documented. Defendant first contests $2,030 in fees claimed for non-attorney representative Shirley Hull. Defendant contends EAJA does not authorize fees for non-attorney representatives. In the circumstances of this case, defendant is correct. The billing records, fee agreement between Ms. Hull and plaintiff, and the appointment of representative demonstrate that Ms. Hull was not working under the supervision of an attorney

while representing plaintiff at the administrative level. See ECF No. 65-1, Administrative Transcript ("AT 379-380). Plaintiff is accordingly not entitled to EAJA fees for Ms. Hull's representation. See Ferrando v. Comm'r, 2013 WL 1087800, at *3 (E.D.Cal. Mar. 14, 2013); see also Cook v. Brown, 6 Vet. App. 226 (1994) (in context of veteran appeal, EAJA fees not recoverable for non-attorney representative unsupervised by attorney). The amount of $2,030 will therefore be deducted from the fee award.

Defendant also contests a claim of $439.04 in fees spent on addressing an order to show cause and an order to dismiss for failure to prosecute. Plaintiff does not oppose this reduction. The court finds that these fees are not reasonably charged to defendant and this amount will be deducted as well. The court finds the remainder of defendant's challenges to be unwarranted. Upon review of the entire record, the court is satisfied that plaintiff's counsel has not engaged in duplicative billing, claimed excessive hours for legal research, or improperly claimed fees for clerical tasks. A total of $2,469.04 will therefore be deducted from the amount claimed. In addition, the court will award $1,917 for fees incurred in connection with the reply.[2]

The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010).

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $22,336.78.

Dated: October 14, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 eilrich2697.eaja

---

[2] The court finds the 10 hours claimed by counsel is reasonable. The statutory maximum rate under EAJA for work performed in the first half of 2016 is $191.70/hour.